RILEY," Judge,
concurring in part and dissenting in part.
[29] I concur with the majority’s conclusion that Eckelbarger’s conviction for multiple Counts of dealing in methamphetamine does not violate double jeopardy principles, and I further concur that the trial court was not constrained in its itapo-sition of consecutive sentences amounting to thirty-two years because Eckelbarger’s crimes were not part of a single episode of criminal conduct. However, I dissent with respect to the majority’s determination that Eckelbarger’s aggregate thirty-two-year sentence is appropriate.
[30] As the majority found, the serious nature of Eckelbarger’s offenses and his lack of positive character attributes indicate that a sentence revision is not merited. Nevertheless, I note that in its argument regarding consecutive sentences, the State relies on Williams v. State, 891 N.E.2d 621 (Ind.Ct.App.2008). In Williams, the defendant was convicted, in part, of two Counts of Class A felony dealing in cocaine and one Count of Class A felony cocaine possession following “two nearly-identical, State-sponsored drug transactions within a short period, of time, as well as from evidence seized- pursuant to a search warrant that was . procured solely as a result of those State-sponsored transactions.” Id. at 634-35. The controlled ■ drug; purchases in Williams occurred within twenty-four hours of each other, and the search warrant was executed within twenty-four hours of the second transaction. Id. at 635. As in the present case, the Williams court found that the defendant’s “crimes were separate episodes of criminal conduct justifying multiple convictions.” Id. Nonetheless, the Williams court concluded that the imposition of consecutive sentences (i.e., the concurrent sentences for. the two dealing charges arising from the controlled purchases were ordered to be served consecutively to the sentence for the possession charge arising from the execution of the warrant) was inappropriate. Id. The court reasoned that “the State may not ‘pile on’ sentences by postponing prosecution in order to gather more evidence ... as a direct result of the State-sponsored criminal activity.” Id.
[31] Analogous to Williams, Eckelbar-ger’s charges for delivering methamphetamine arose from two, nearly-identical State-sponsored drug purchases that were separated by a week. One day after the second transaction, the police executed a search warrant that was procured solely as the result of those State-sponsored drug purchases, the fruits of which led to Eckel-barger’s conviction for manufacturing methámphetamine and possession of precursors with intent to manufacture. *1278 Therefore, as in Williams, I would elect to exercise this court’s authority under Appellate Rule 7(B) and order that Eckelbar-ger’s sentences on Counts I and II run concurrently with his sentences on Counts III and IV, for an aggregate term of sixteen years, with twelve years executed and four years suspended to probation. In all other respects, I would affirm.